# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                         )
                         )
                         )
v.                       )          ID No. 1205025968A
                         )
                         )
ANZARA M. BROWN,         )
             **Defendant.**   )

Submitted: July 21, 2022
Decided: October 26, 2022

## ORDER

*Upon Defendant's Request for a Certificate of Eligibility
to File Under 11 Del. C. § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d),*
**DENIED.**

This 26th day of October, 2022, upon consideration of Defendant Anzara

Brown's two filings through which he requests, *pro se*, a certificate of eligibility

to seek review of his sentence under Title 11, Section 4214(f) (D.I. 202 and 203),

the Attorney General's response thereto (D.I. 205), Mr. Brown's reply (D.I. 208),

the complete record in this matter, and the applicable authorities governing such

requests, it appears to the Court that:

(1)     Mr. Brown is serving a habitual criminal sentence on each of three

separate drug and weapons counts and non-habitual sentences for other offenses

that he was convicted of in his September 2013 trial.[1]  More specifically, the

---

[1]   A fuller recounting of the factual and procedural history of Mr. Brown's crimes and
resultant sentence can be found in decisions resolving Mr. Brown's prior attacks of his

individual components of Mr. Brown's current cumulative sentence are:

- Drug Dealing-Delivery or Possession with Intent to Deliver a Tier 4 Quantity of Cocaine (IK12-06-0541)[2]—a natural life sentence at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(b));

- Possession of a Deadly Weapon During the Commission of a Felony (PDWDCF) (IK12-09-0214)—25 years at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Carrying a Concealed Deadly Weapon (CCDW) (IK12-09-0213)—2 years at supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Conspiracy Second Degree (IK12-09-0216)—2 years at supervision Level V, suspended for 1 year at Level II;

- Possession of Marijuana (IK12-09-0211)—6 months at supervision Level V, suspended for 1 year at Level II.[3]

The effective date of Mr. Brown's sentence is September 11, 2013, with credit for three days previously served in lieu of bail.[4]

---

convictions and sentence. *See e.g. Brown v. State*, 117 A.3d 568 (Del. 2015) (direct appeal); *State v. Brown*, 2018 WL 1702888 (Del. Super. Ct. Apr. 6, 2018), *aff'd*, 2018 WL 6181657 (Del. Nov. 26, 2018) (first postconviction motion).

[2] *See* Indictment, *State v. Ansara [sic] M. Brown*, ID No. 1205025968 (Del. Super. Ct. Sept. 4, 2012) (D.I. 3) (charging Mr. Brown with Drug Dealing-Delivery or Possession with Intent to Deliver a Tier 4 Quantity of Cocaine in violation of then-extant 16 *Del. C.* § 4752(1)); DEL. CODE ANN. tit. 16, §§ 4751C(2)(a), 4752(1) (2012) (defining Drug Dealing-Delivery or Possession with Intent to Deliver a Tier 4 Quantity of Cocaine and classifying it as a class B felony).

[3] Corrected Sentencing Order, *State v. Ansara [sic] M. Brown*, ID No. 1205025968 (Del. Super. Ct. Dec. 16, 2014) (D.I. 79).

[4] Corr. Sentencing Order, at 1.

(2)     In short, Mr. Brown suggests that the Court should now grant him a certificate of eligibility because he believes:  (1) he meets the requirements for § 4214(f) consideration; and (2) there were legal errors in his sentencing.[5]

(3)     When addressing any species of sentencing reduction or modification request, "the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances."[6]  Mr. Brown asks this Court to grant him a § 4214(f) certificate of eligibility and, in the end, reduce his sentence to time-served and "Six months transition at work-release and or [sic] home confinement."[7]  Within the motion he posits the Court can, via § 4214(f), change his PDWDCF sentence because, in his view, "his original **§ 4214(a)** sentence for PDWDCF was imposed in error."[8]

(4)     Mr. Brown's protestation of some illegality of his § 4214(a)-enhanced PDWDCF sentence has no place in this § 4214(f) certificate-of-eligibility proceeding.  As this Court explained recently:

> [Section 4214(f)] is, at bottom, a truly unique vehicle for those
> in a very small universe—*i.e.*, only those inmates that

---

[5]   D.I. 202, 203, and 208.

[6]   *State v. Tollis*, 126 A.3d 1117, 1119 (Del. Super. Ct. 2016).

[7]   D.I. 202, at 10; D.I. 203, at 10.

[8]   D.I. 208 at 2 (emphasis in original); *id.* at 3 (complaining that application of § 4214(a) was "judicial over-reaching in this case [that] clearly violated established standards in Habitual Offender sentencing and clashes with Delaware courts' past decisions"); *id.* at 4 (accusing the State of "neatly sidestep[ping]" his claim of an illegally-enhanced PDWDCF sentence).

received *the* minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act—to have their habitual sentences reviewed and the Court decide if a form of wholly discretionary relief is appropriate.[9]

That relief being the application of the now-revised Habitual Criminal Act's sentencing provisions to an inmate who might actually be eligible for release on the date of § 4214(f) application had the newer (reduced) habitual sentencing structure been an option at his original sentencing. That's it. A § 4214(f) proceeding provides no occasion to visit (or, here, revisit)[10] claims of legal error in an inmate's sentence or sentencing proceedings. "Indeed, just as with any other like sentence reduction mechanism, an application for § 4214(f) review presupposes a valid conviction and sentence."[11]

(5)    And so, the Court turns to the question of whether Mr. Brown satisfies the exacting threshold requirements for § 4214(f) eligibility. "[T]o be

---

[9]    *State v. P. Henry*, 2022 WL 4112850, at *3 (Del. Super. Ct. Sept. 9, 2022) (emphasis in original).

[10]   Those claims fall under the Court's Criminal Rule 35(a), which Mr. Brown has already turned to twice before in vain. *See Brown v. State*, 2020 WL 609646, at *2-3 (Del. Feb. 7, 2020) ("Brown, by admitting he was an habitual offender under § 4214(a), arguably relieved the State of its burden of proof to have him declared an habitual offender under that subsection for any future felony conviction. . . . Likewise, the court was obligated to sentence Brown under § 4214(a) on the felony weapons offenses. In short, Brown's sentence is not illegal."); *Brown v. State*, 2021 WL 5984261, at *2 (Del. Dec. 16, 2021) (denying second motion for correction of sentence).

[11]   *P. Henry*, 2022 WL 4112850, at *3 (citation omitted). *See*, *e.g.*, *State v. Walsh*, 2016 WL 7191539, at *2 (Del. Super. Ct. Dec. 12, 2016) ("[A] motion to reduce a sentence under Rule 35(b) presupposes a valid conviction and sentence proceedings. It is not a vehicle to attack the validity of the conviction or related proceedings." (citations omitted)); *State v. Rivera*, 2014 WL 3894274, at *2 (Del. Super. Ct. Aug. 11, 2014) (citing cases).

eligible to petition for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence *and* the time-served requirement."[12]  Mr. Brown may meet the first as to the drug dealing and PDWDCF convictions for which he was sentenced as a habitual criminal,[13] but he does not satisfy the second when his cumulative habitual sentences are considered.

(6)     Mr. Brown was sentenced to the minimum required for his cocaine dealing conviction—a term of natural life imprisonment under the then-extant three-strikes provision of the Habitual Criminal Act.[14]  And it appears he does meet the § 4214(f) time-served eligibility requirement for that *one* conviction.[15]

---

[12]  *Yelardy v. State*, 2022 WL 9632128, at *2 (Del. Oct. 14, 2022) (emphasis added) (citations and quotation marks omitted); *State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018) (describing the requirements that must be met before this Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019).

[13]  Mr. Brown does not meet the type-of-sentence requirement for his CCDW sentence because that two-year habitual criminal term was imposed as a matter of the sentencing judge's discretion.  *See J. Henry v. State*, 2022 WL 10861279, at *1 (Del. Oct. 18, 2022) (an inmate does not satisfy the type-of-sentence requirement when the sentencing judge exercised his or her discretion under the pre-2016 version of 11 *Del. C.* § 4214(a) to sentence him to a term of years of incarceration that is not a minimum-mandatory term); *see also Clark v. State,* 2018 WL 1956298, at *3 (Del. Apr. 24, 2018) ("a minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received *the* minimum sentence a judge was constrained to impose under the pre-2016 version of the Habitual Criminal Act; any other term imposed under that provision as a matter of the judge's own sentencing discretion is ineligible for modification under § 4214(f) (citation omitted)).

[14]  DEL. CODE ANN. tit. 11, § 4214(b) (2012) (providing any person sentenced under then-existing § 4214(b) had to receive a natural life sentence for the triggering felony that formed the basis of the State's habitual criminal petition).

[15]  *Id.* § 4214(f) (2022) (providing that an inmate has met the time-served eligibility requirement when the inmate "has served a sentence of incarceration equal to any applicable

But "[f]or a person who is serving habitual-offender sentences for multiple felony convictions in a single case to satisfy the time-served requirement, each individual count must be eligible for § 4214(f) relief."[16]

(7) Why? Recall this relief is reserved for one who might—on the occasion of the § 4214(f) petition's grant—be eligible for release from incarceration. Yet, under either of the Habitual Criminal Act's current provisions applicable to Mr. Brown's PDWDCF conviction—§ 4214(c) or § 4214(d)[17]—the minimum mandatory term of 25 years of unsuspended imprisonment would be exactly the same.[18] Simply put, he is nowhere close to time-served eligibility for

mandatory sentence otherwise required by [the new provisions of 11 *Del. C.* § 4214] or the statutes describing said offense or offenses [for which the inmate was sentenced], whichever is greater"); *id.* § 4214(d) (providing now that one can be declared a habitual criminal on his third felony conviction only if each of his three separate convictions are for Title 11 violent felonies). The possible minimum mandatory sentence for any current analogue to Mr. Brown's cocaine dealing charge is capped at two years at Level V. DEL. CODE ANN. tit. 16, § 4701 *et seq.* (2022).

[16] *Yelardy*, 2022 WL 9632128, at *3 (cleaned up).

[17] *See* DEL. CODE ANN. tit. 11, § 4214(c) (2022) (providing habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *id.* at § 4214(d) (providing one sentenced under this provision also must receive a minimum sentence of the statutory maximum penalty provided elsewhere in Title 11 for the triggering felony (or felonies) that form the basis of the habitual criminal petition). PDWDCF was then and still is a class B violent felony with a statutory maximum of 25 years imprisonment. DEL. CODE ANN. tit. 11, §§ 1447, 4201(c) and 4205(b)(2) (2012).

[18] Mr. Brown seems to suggest that neither his 1996 CCDW-Firearm nor his 2000 CCDW-Firearm and Possession of a Firearm by a Person Prohibited (PFBPP) convictions should be considered violent Title 11 convictions when determining where in the new habitual criminal sentencing regime he would fall. *See* D.I. 202, at 9; D.I. 203, at 9 (referring to each as "non-violent" convictions). Not so. The definition of "violent felony" as that term is used in § 4214 is controlled by the version of § 4201(c) in effect at the time Mr. Brown committed his 2012 PDWDCF. *See State v. Daniels*, 2022 WL 2733509, at *4-5 (Del. Super. Ct. July 13, 2022). And each of those crimes was listed then as a Title 11 violent felony. DEL. CODE ANN.

release.

(8)  As such, Mr. Brown is not eligible for relief for his drug and weapons convictions under 11 *Del. C.* § 4214(f) because he does not meet the statute's time-served eligibility requirement.  Accordingly, Mr. Brown's request for a certificate of eligibility under Delaware Superior Court Special Rule 2017-1(c) must be **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc:  Criminal Prothonotary – Kent County
Mr. Anzara M. Brown, *pro se*
Stephen Welch, Jr., Chief Prosecutor, Kent County

---

tit. 11, § 4201(c) (2012).  So each would count as a violent felony when reckoning Mr. Brown's habitual criminal slotting under the current Habitual Criminal Act.